No. 101.—GEORGE T. LONG, plaintiff in error, *vs.* JAMES H. LEWIS, defendant in error.

[1.] A decision refusing a new trial, the right to which depended on the question, whether there was sufficient evidence to support the verdict or not, will not be disturbed if the case was a very small one, although the evidence to support the verdict was very slight.

Assumpsit, in Henry Superior Court.   Tried before Judge GREEN, April Term, 1856.

This was an action brought by James H. Lewis against George T. Long, for overseer's wages,

The defendant, among other things, pleaded the Statute

of Frauds, alleging that the agreement was not to be performed within twelve months.

On the trial, it appeared in evidence that in November, 1850, Long employed Lewis to overseer and work on his farm, for thirteen months, commencing on the 1st day of December, 1850, and terminating the 25th day of December, 1851, for which he was to pay him the sum of $150.

About the 1st March, 1851, Lewis left the employment of Long.

THOMAS GALMAN, sworn for the plaintiff, stated, "that about the 1st March, Long told him, witness, that he had sent word to Lewis by a negro, that if he could do no better, he might quit there."

CHRISTIAN LEWIS, sworn : "Went with Lewis (the plaintiff) to Longs, and proposed to have the difficulty settled. Long said he was willing to do what was right."

There was much other testimony introduced unnecessary to be set out. The Counsel for defendant moved the Court to dismiss the case on two grounds—

1st. Because the agreement was within the 4th section of the Statute of Frauds.

2d. Because there was no evidence to sustain the action.

The Court over-ruled the motion and the Jury found a verdict for fifty dollars for the plaintiff; whereupon, Counsel for defendant moved the Court for a new trial, on the grounds above stated. The Court over-ruled the motion, and Counsel for defendant excepted.

STELL; GARTRELL & GLENN, for plaintiff in error.

DOYAL; CLARK, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The declaration contains a general count for work and labor done by the plaintiff for the defendant.

Lewis *vs.* Long.

And this is the count upon which the Jury must have found their verdict.

Was the case such, that the verdict found on this count was good?

The plaintiff in error insists that the evidence shows a special contract between the parties, and a special contract that was within the fourth section of the Statute of Frauds.

The defendant in error, not admitting the contract to have been within the Statute of Frauds, replies that it was abandoned by the parties; and that, the contract being abandoned, the defendant was entitled to be paid for his work and labor, whatever the work and labor were worth.

In this we think the defendant is right, if he is supported by the evidence. Even if the special contract was within the Statute of Frauds, it was not *void*. That only made it a contract on which *no action* could be brought. It was a contract, therefore, which even if it was within the Statute, could be rescinded by the parties to it. And if once rescinded, its influence of every sort would be gone; and therefore, its power to affect the question of the defendant's right to recover on the count for work and labor, would be gone.

Was it rescinded? The affirmative was exceedingly slight; but we cannot say that there was none whatever. And in so small a case, we do not feel that it would be a proper exercise of discretion to grant a new trial, if there was any evidence to support the verdict; especially, as if we granted a new trial, we should have to over-rule the decision of the Court which tried the case.